UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICHARDSON NEPTUNE,

Petitioner,

v.                                                    CAUSE NO. 3:26-CV-418-CCB-SJF

WARDEN,

Respondent.

## ORDER

Immigration detainee Richardson Neptune, representing himself, filed a petition

for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully

confined in violation of the laws or Constitution of the United States. According to the

petition, Neptune was ordered removed on October 31, 2025. However, Neptune

remains in detention and is currently held at the Miami Correctional Facility.

Richardson Neptune argues that he is entitled to habeas relief because his

detention has been unreasonably prolonged. He asserts that he has been in detention for

seven months. For relief, Neptune seeks his immediate release or a proper bond

hearing. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the

petition "[i]f it plainly appears from the petition and any attached exhibits that the

petitioner is not entitled to relief in the district court."

"[A]n alien may be held in confinement until it has been determined that there is

no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas v.*

*Davis*, 533 U.S. 678, 701 (2001) The first six-month period of post-removal order

detention is presumptively reasonable. *Id.* "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* While Neptune may have been in detention for more than seven months, *Zadvydas* focuses on how long the individual is detained after an order of removal has been issued. Six months have not passed since Neptune was ordered removed on October 31, 2025. Consequently, the length of his detention is presumptively reasonable, and Neptune offers no facts to rebut this presumption of reasonableness or to suggest that his detention is otherwise unlawful. Nevertheless, the court will grant Neptune an opportunity to file an amended habeas petition that explains why he believes his ongoing detention is unlawful.

For these reasons, the court:

(1) **GRANTS** the motion for leave to proceed *in forma pauperis* (ECF 3);

(2) **ORDERS** Richardson Neptune to file an amended habeas petition addressing the deficiencies set forth in this Order by May 13, 2026; and

(3) **CAUTIONS** Richardson Neptune that, if he does not respond by this deadline, the court will dismiss this case without further notice.

SO ORDERED on April 13, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT